

# NUMBER 13-23-00142-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

IAN SCHORRE,                                                                         Appellant,

v.

THE STATE OF TEXAS,                                                               Appellee.

## On appeal from the 24th District Court
## of DeWitt County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña
Memorandum Opinion by Justice Silva**

Appellant Ian Schorre appeals the trial court's judgment adjudicating him guilty of stalking, a third-degree felony, and sentencing him to five years' confinement. *See* TEX. PENAL CODE ANN. § 42.072(a), (b). By a single issue, Schorre argues that the judgment does not accurately reflect that his sentence was to run concurrent with a separate

sentence for another conviction, which he contends voids the judgment. We affirm.

## I. BACKGROUND

On June 5, 2017, Schorre was indicted for stalking his ex-wife in trial court cause number 17-06-12,688. On January 22, 2018, Schorre appeared in court and entered into a plea agreement with the State. Pursuant to the agreement, Schorre would plead guilty to the offense of stalking, and receive ten-years' deferred adjudication community supervision. *See* TEX. CODE CRIM. PROC. ANN. arts. 42A.101–.111. Schorre also agreed to plead guilty to the offense of assault on a public servant, *see* TEX. PENAL CODE ANN. § 22.01(b)(1), for which he would be sentenced to ten years' imprisonment in trial court cause number 17-06-12,687. Additional terms of the plea agreement included the State dismissing charges for evading arrest in a motor vehicle, *see id.* § 38.04(a), (b)(1)(B), and assault family violence. *See id.* § 22.01(a)(1). Finally, the State agreed not to pursue an additional charge for unlawful possession of a firearm. *See id.* § 46.04(a).

The terms of the plea agreement dictated that Schorre's deferred adjudication community supervision would run concurrent with his sentence for assault on a public servant. As part of Schorre's community supervision terms, he was to have no contact with his ex-wife. The trial court approved the plea agreement and entered an order of deferred adjudication community supervision for the offense of stalking in cause number 17-06-12,688. The trial court also found Schorre guilty of the offense of assault on a public servant and sentenced him to ten years' imprisonment in cause number 17-06-12,687.

The State filed a motion to revoke Schorre's community supervision and to adjudicate his guilt on October 22, 2023, alleging that Schorre violated the terms and

conditions of his community supervision by having contact with his ex-wife. After a hearing, the trial court revoked Schorre's deferred adjudication community supervision, adjudicated him guilty of stalking and sentenced him to five years' confinement.[1] This appeal followed.

## II.  CONCURRENT SENTENCES

By his sole issue, Schorre argues that the judgment does not reflect that his sentence for stalking in cause number 17-06-12,688 is to run concurrent with his sentence for assault on a public servant in cause number 17-06-12,687, rendering the judgment void. Although the State agrees that the trial court orally ordered the sentences to run concurrently when it sentenced Schorre, no such oral pronouncement can be found in the record of the adjudication hearing.

With certain exceptions not applicable here, "[w]hen the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action," the sentences must be ordered to run concurrently. TEX. PENAL CODE ANN. § 3.03(a). Under this statute, "if the record establishes that the original offenses that led to community supervision were part of the same criminal episode and the convictions were obtained as part of the same criminal action, then any sentences imposed must run concurrently." *Cazarez v. State*, 606 S.W.3d 549, 562–63 (Tex. App.—Houston [1st Dist.] 2020, no pet.). "'[C]riminal episode' means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person

---

[1] Schorre admitted to violating the terms and conditions of his deferred adjudication community supervision by contacting and communicating with his ex-wife.

or item of property," when "the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan." TEX. PENAL CODE ANN. § 3.01(1). Moreover, for mandatory concurrent sentences, the offenses must be "prosecuted in a single criminal action." *Id.* § 3.03(a). However, "a deferred-adjudication plea proceeding is not complete under the concurrent-sentencing statute until sentence is imposed after adjudication." *Middleton v. State*, 634 S.W.3d 46, 51 (Tex. Crim. App. 2021).

Here, Schorre argues that the trial court's order that his deferred adjudication community supervision in cause number 17-06-12,688 run concurrent to his sentence in cause number 17-06-12,687 requires his subsequent conviction and sentence also be concurrent to cause number 17-06-12,687. However, Schorre cites to no authority to support a requirement that the sentences run concurrently, and we find none. To the extent that Schorre argues the trial court's failure to order the sentences run concurrently renders the judgment void, the Texas Court of Criminal Appeals has expressly concluded otherwise. *See Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017) ("An improper cumulation order may be remedied by reformation on appeal or, in the proper circumstance, a judgment *nunc pro tunc*. Because the improper cumulation order is subject to such remedies, the sentences cannot properly be declared void." (internal citations omitted)).

Moreover, for the following reasons, we cannot modify the judgment to reflect the sentence is to run concurrently with cause number 17-06-12,687. Although the State suggests that the trial court orally pronounced at the revocation hearing that the two

4

sentences would run concurrently, we find no such oral pronouncement in the record. Additionally, Schorre's deferred-adjudication plea proceeding was not complete under the concurrent-sentence statute until he was convicted and sentenced, thus resulting in the actions not being prosecuted in a single criminal action. *See* TEX. PENAL CODE ANN. § 3.03(a); *Middleton*, 634 S.W.3d at 51. Lastly, there is no evidence in the record to show that the two offenses arose out of the same criminal episode. *See* TEX. PENAL CODE ANN. §§ 3.01, 3.03(a). Accordingly, § 3.03(a)'s mandatory concurrent-sentence requirement does not apply here. Schorre's sole issue is overruled.

## III. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
16th day of November, 2023.